<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IFEDOO ENIGWE,** <br><br> Plaintiff, <br><br> v. <br><br> **EXTENDED STAY AMERICA, a/k/a ESA MANAGEMENT, LLC, and JASMINE LNU,** <br><br> Defendants. | Civil Action No. 21-12407 (MCA) (JSA) <br><br><br> **REPORT AND RECOMMENDATION** |

<u>**JESSICA S. ALLEN, United States Magistrate Judge**</u>

This matter comes before the Court upon the motion of *pro se* Plaintiff Ifedoo Enigwe ("Plaintiff") to remand this case to the Superior Court of New Jersey. (ECF No. 2). Defendant ESA Management, LLC, improperly pled as "Extended Stay America, a/k/a ESA Management, LLC" ("Defendant") opposes the motion. The Honorable Madeline Cox Arleo, U.S.D.J. referred this motion to the undersigned for a Report and Recommendation. This motion is decided without oral argument, pursuant to Federal Rule of Civil Procedure 78. Having considered the parties' submissions, for the reasons set forth below, and for good cause shown, it is respectfully recommended that Plaintiff's motion to remand be **DENIED.**

**I.   RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff originally filed this racial bias and discrimination action, asserting only state law claims, in the Superior Court of New Jersey on or about July 25, 2019 against Defendants

Extended Stay America and "Jasmine LNU."[1] (Notice of Rem. at 2, ¶ 1, ECF No. 1). The Complaint had been dismissed, but by Order dated April 1, 2021, the Superior Court judge granted Plaintiff's motion to reinstate the Complaint. (*Id.* at Exh. N; Tango Cert., Exh. A, ECF No. 7).

It is undisputed that the case was not removable based on the state law claims asserted in the original Complaint. However, the parties dispute when the case became removable based on Plaintiff's Amended Complaint, asserting a federal discrimination claim.

In support of remand, Plaintiff asserts that on April 16, 2021, he filed his Amended Complaint in state court, adding a federal discrimination claim under Title II of the Civil Rights Act of 1964 ("Title II"). (Pl. Mov. Bf. at 1 and Exh. A, ECF No. 2). Plaintiff further claims that on the same date he had a telephone conversation with defense counsel who allegedly received a copy of the Amended Complaint and consented to Plaintiff filing the amended pleading. (*Id.* and Exh. B). According to Plaintiff, defense counsel's consent demonstrates that on April 16, 2021, Defendant became aware of the basis for subject matter jurisdiction and thus removal when defense counsel received a copy of the Amended Complaint. (*Id.* at 1-2)

Defendant contends that Plaintiff's Amended Complaint did not become effective on April 16, 2021, and thus was not a basis for removal on that date. Rather, Defendant acknowledges that on April 16, 2021, Plaintiff moved for leave to file an amended complaint, which Defendant did not oppose but reserved all of its rights including removal. (Opp. Bf. at 2; Notice of Rem. at Exh. P; Tango Cert., Exhs. B & C). Defendant asserts that the state court judge did not grant Plaintiff's motion to amend until May 14, 2021, and did not enter the Order

---

[1] Defendant asserts that "Jasmine LSU" appears to reference a fictitious or unidentified individual defendant upon whom service of process was never effectuated. (Notice of Rem. at 2 n. 1, ECF No. 1). Based on this Court's review of the official court docket, no proof of service has been filed, and no responsive pleading has been filed by "Jasmine LSU." (*See generally* official court docket).

2

until May 17, 2021. (*Id.* at 2; Notice of Rem. at Exh. P; Tango Cert, Exh. D). Defendant further contends that Plaintiff did not file his Amended Complaint until May 21, 2021, wherein he asserted for the first time a federal discrimination claim under Title II. (*Id.* at Exhs. A&S; Tango Cert., at Exh. E). Defendant removed the action on June 10, 2021, which Defendant contends is 20 days from the date on which Plaintiff filed the Amended Complaint in state court and 24 days from the date on which the state court entered the Order granting Plaintiff's motion to amend. (*Id.* at 3; Notice of Rem. at ¶¶ 19-26).

## II. ANALYSIS

Preliminarily, the Court notes that it is undisputed this District Court has subject matter jurisdiction over this case based on the Title II federal discrimination claim contained in the Amended Complaint. Instead, the instant dispute turns on when Plaintiff's Amended Complaint became effective, thereby triggering the starting date for removal.

Plaintiff submits that the date for removal began on April 16, 2021 when Defendant received a copy of the Amended Complaint. Accordingly, Defendant had thirty (30) days, until May 16, 2021, to remove the case, pursuant to 28 U.S.C. § 1446(b). (Pl. Mov. Bf. at 1-2). Plaintiff concludes that Defendant's failure to remove the action on June 10, 2021 was untimely, warranting remand. (*Id.* at 3).[2]

---

[2] In his reply brief, Plaintiff raises for the first time that the latest date for removal was May 6, 2021, when defense counsel wrote to the state court judge, confirming his consent to the Amended Complaint. (Rep. Bf. at 2). Plaintiff further submits for the first time that given Defendant's unequivocal consent to the amendment, pursuant to New Jersey Court Rule 4:9-1, there was no need for the state court judge to rule on his motion for leave to amend. (*Id.*). On sur-reply, Defendant objects to these arguments as improperly raised for the first time on reply. (Def. Sur-Rep. at 2-3). "The purpose of the reply brief is to respond to the opposition brief or explain a position that the respondent has refuted." *Dana Transp., Inc. v. Ableco Fin., LLC*, Civ. No. 04-2781 (KSH), 2005 U.S. Dist. LEXIS 18086, at *16 (D.N.J. Aug. 17, 2005). Despite the leniency afforded to *pro se* litigants, courts in this District have consistently ruled that arguments or issues raised for the first time on reply, will be disregarded. *See id.*; *see also Bostrom v. N.J. Div. of Youth & Family Servs.*, 969 F. Supp. 2d 393, 417-18 (D.N.J. 2013); *Fancaster v. Comcast*, 832 F. Supp. 2d 380, 423-24 (D.N.J. 2011). Accordingly, this Court declines to consider Plaintiff's new arguments raised in his reply.

In opposition, Defendant asserts that, consistent with the majority view of District Courts in this Circuit, the operative date for removal began when the state court granted the motion on May 14, 2021 and then entered its order on May 17, 2021. (Opp. Bf. at 5-6). Thus, according to Defendant, the earliest time to remove commenced on May 14, 2021 when the state court granted the motion to amend. (*Id.* at 7). As such, Defendant contends that it timely removed the action on June 10, 2021, which was within 30 days of the date on which the Superior Court granted Plaintiff's motion for leave to amend. (*Id.* at 7-8). This Court agrees.

Section 1446(b)(1) states, in relevant part, that "[t]he notice of removal of a civil action … shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…." 28 U.S.C. § 1446 (b)(1). As the Third Circuit has ruled, "[t]he party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Here, Defendant, as the removing party asserting federal question jurisdiction, bears that burden. *Frederico v. Home Depot,* 507 F.3d 188, 193 (3d Cir.2007). While a defendant may remove an action to federal court based on federal question jurisdiction, *see* 28 U.S.C. § 1441(a), as noted previously, there is no dispute that the Court has subject matter jurisdiction based on Plaintiff's Title II federal claim, and thus the case is properly before the District Court on that basis. Rather, Plaintiff moves for remand, asserting Defendant's removal petition was untimely filed, and thus defective.

"An action that has been removed to federal court can be remanded to state court, pursuant to 28 U.S.C. § 1447(c), if the removal procedure was defective." *D'Agostino v. Domino's Pizza*, No. 17-11603 (PGS), 2018 WL 1914239, at *5 (D.N.J. Apr. 23, 2018) (citing 28

U.S.C. § 1447(c)).³ The thrust of Plaintiff's argument is that Defendant was aware of the time to remove on April 16, 2021 when defense counsel consented to Plaintiff's Amended Complaint. However, Plaintiff did not file his Amended Complaint on April 16, 2021. Rather, as Plaintiff's own papers in support of remand demonstrate, on that date, Plaintiff filed a motion seeking leave to file an amended complaint, which included the *proposed* amended complaint. (*See* ECF No. 2-2 at Exh. B).

The Third Circuit has not squarely addressed whether a complaint or an amended complaint becomes removable upon mere notice of a motion for leave to amend or upon a defendant's mere consent to the filing of such an amendment. However, courts in this circuit have followed the majority view that "an amended complaint that would provide a basis for subject matter jurisdiction does not become removable until the motion to amend is granted and the amended complaint becomes effective." *McDonough v. UGL UNICCO*, 766 F.Supp.2d 544, 547 (E.D. Pa. 2011) (collecting cases).⁴ *See, e.g., D'Agostino v. Domino's Pizza*, No. 17-11603 (PSG), 2018 WL 1914239, at *7 (D.N.J. Apr. 23, 2018) (following majority rule and finding that defendant timely removed action eight days after Superior Court granting plaintiff's motion to amend, which was the earliest date the Amended Complaint became effective); *Chapin v. Whitecap Inv. Corp.*, Civ. Action No. 13-42 (CVG), 2014 U.S. Dist. LEXIS 21214, at *7-8 (D.

---

³ Although Plaintiff moves for remand, pursuant to 28 U.S.C. § 1446 (b)(1), that section governs the procedure for removal of civil actions, and specifically the deadline for filing a notice of removal. *See* 28 U.S.C. § 1446 (b)(1). As detailed herein, Plaintiff moves to remand on the basis of a defect in that Defendant did not timely remove the action within the required thirty-day deadline. As such, Plaintiff's remand motion is more appropriately governed by section 1447(c). That section broadly governs motions to remand based on either procedural defects or any defects. *See* 28 U.S.C. § 1447(c); *see also Cook v. Wikler*, 320 F.3d 431, 434-35 (3d Cir. 2003).

⁴ In *McDonough*, the Court noted the minority view among courts is that a notice of a motion for leave to amend a complaint, which provides the basis for subject matter jurisdiction, renders a case removable. *McDonough*, 766 F.Supp.2d at 547 (citing *Jackson v. BlueCross & Blueshield of Ga.*, Civ. Action No. 08-49, 2008 U.S. Dist. LEXIS 91036 (M.D. Ga. Nov. 10, 2008) (citing cases that signify the minority view)).

V.I. Feb. 20, 2014) (adopting majority view); *Cardona v. Dollar Tree Store Inc.*, Civ. Action No. 13-5617 (ES), 2014 U.S. Dist. LEXIS 69221 at *7 (D.N.J. May 20, 2017) (relying on *McDonough* decision to find that the proposed amended complaint never became the operative pleading). *See also Rutgers v. Bioarray Solutions, Ltd.*, Civ. Action No. 16-4183 (BRM), 2017 U.S. Dist. LEXIS 1395486, at *15-16 (D.N.J. Apr. 18, 2017) (finding that defendants prematurely filed notice of removal before state court ruled on motion for leave to file counterclaim for federal relief).

Here, the Superior Court judge granted Plaintiff's motion for leave to amend his Complaint on May 14, 2021 and entered the Order on May 17, 2021. Consistent with the majority view among courts in this Circuit, the Amended Complaint became effective at the earliest on May 14, 2021 and at the latest on May 17, 2021. *See D'Agostino*, at 2018 WL 1914239, at *7-8. As such, Defendant was required to remove the case, at the earliest, within thirty days of May 14, 2021. Whether defense counsel received or consented to the *proposed* amendment did not trigger removal. Similarly, Plaintiff's mere filing of the motion seeking leave to amend did not trigger the time to remove.

Guided by the majority view in this Circuit, this Court finds that Defendant's removal was timely on June 10, 2021, since it was made 27 days after the state court granted Plaintiff's motion to amend. *See McDonough*, 766 F. Supp. 2d at 547 ("Unless and until the state court grants Plaintiff's motion for leave to amend and that amended complaint becomes effective, the operative complaint in this matter—the First Amended Complaint—simply does not state a federal claim or otherwise give rise to federal jurisdiction."). Whether the Amended Complaint became effective upon the granting of the motion to amend on May 14, 2021, or upon entry of the Order on the Court's docket on May 17, 2021, is of no moment for purposes of determining

6

the timeliness of Defendant's Notice of Removal.  Defendant filed the Notice of Removal on June 10, 2021, which is within thirty days of when the Amended Complaint became operative, pursuant to section 1446(b).

### III.     CONCLUSION

For the reasons stated above, this Court respectfully recommends that Plaintiff's Motion to Remand be **DENIED**.  The parties are advised that, pursuant to Federal Rule of Civil Procedure 72(b)(2), they have fourteen (14) days after receiving a copy of this Report and Recommendation to serve and file any specific written objections to the Honorable Madeline Cox Arleo, U.S.D.J.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to Plaintiff.

Dated: October 4, 2021

s/ Jessica S. Allen
Hon. Jessica S. Allen
United States Magistrate Judge

cc:     Hon. Madeline Cox Arleo, U.S.D.J.