## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**IFEDOO ENIGWE,**

    *Plaintiff,*

      v.

**EXTENDED STAY AMERICA a/k/a ESA MANAGEMENT, LLC, et al.,**

    *Defendants.*

**Civil Action No. 21-12407**

**ORDER**

    **THIS MATTER** comes before the Court by way of Plaintiff Ifedoo Enigwe's ("Plaintiff") Objections to Magistrate Judge Jessica Allen's Report and Recommendation, ECF No. 15;

    and it appearing that Defendant ESA Management, LLC ("ESA")[1] opposes Plaintiff's Objections, ECF No. 16;

    and it appearing that this action arises from alleged racial discrimination in a place of public accommodation, <u>see generally</u> SAC;

    and it appearing that Plaintiff initiated this action on July 25, 2019 by filing a complaint in the Superior Court of New Jersey, Law Division ("Superior Court"), asserting only state law claims, <u>see</u> ECF No. 1.1;

    and it appearing that on April 16, 2021, Plaintiff filed a motion for leave to file an amended complaint adding a claim under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, <u>et seq.</u> ("Title II"), <u>see</u> Tango Cert. Ex. B, ECF No. 7.1 at 10-22;

---

[1] The SAC also asserts claims against an individual named as "Jasmine LNU (Last Name Unknown), a/k/a, Jane Doe." Second Am. Compl. ("SAC") ¶ 4, Certification of David Tango ("Tango Cert.") Ex. E, ECF No. 7.1 at 28-35. The parties dispute whether this individual has been properly served, but the Court need not resolve that issue to decide the instant Motion.

and it appearing that Plaintiff's motion for leave to amend attached a proposed SAC, and that counsel for ESA confirmed receipt of the proposed SAC on April 16, 2021, <u>see</u> ECF No. 2.3;

and it appearing that on May 6, 2021, ESA notified the Superior Court that it did not oppose Plaintiff's motion for leave to amend, <u>see</u> Tango Cert. Ex. C, ECF No. 7.1 at 23-25;

and it appearing that the Superior Court granted Plaintiff's Motion to Amend on May 14, 2021, <u>see</u> Tango Cert. Ex. D, ECF No. 7.1 at 26-27;

and it appearing that Plaintiff filed the SAC in Superior Court on May 21, 2021;

and it appearing that ESA removed this action on June 10, 2021, invoking the Court's federal question jurisdiction on the basis of Plaintiff's newly filed Title II claim, ECF No. 1;

and it appearing that on June 10, 2021, Plaintiff filed a Motion to Remand, ECF No. 2, contending that ESA's removal was untimely pursuant to 28 U.S.C. § 1446(b)(1) ("Section 1446(b)(1)"), which requires a notice of removal to be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief" that provides a basis for federal jurisdiction;[2]

and it appearing that Plaintiff contends that the 30-day removal period commenced when he filed his motion to amend on April 16, 2021, while ESA maintains that it began only when the Superior Court granted the motion on May 14, 2021;

and it appearing that on October 4, 2021, Magistrate Judge Jessica Allen issued a Report and Recommendation concluding that removal was timely and recommending that the Court deny the Motion, <u>see</u> ECF No. 14 (the "R&R");

---

[2] Plaintiff does not dispute that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367.

and it appearing that Plaintiff filed timely objections to the R&R on October 7, 2021, arguing that the Magistrate Judge misapplied the plain language of Section 1446(b)(1), see ECF No. 15;

and it appearing that the R&R correctly determined that where a plaintiff moves a state court for leave to file an amended pleading, "an amended complaint that would provide a basis for subject matter jurisdiction does not become removable until the motion to amend is granted and the amended complaint becomes effective," R&R at 5 (quoting McDonough v. UGL UNICCO, 766 F. Supp. 2d 544, 547 (E.D. Pa. 2011)); see also D'Agostino v. Domino's Pizza, No. 17-11603, 2018 WL 1914239, at *2 (D.N.J. Apr. 23, 2018) (rejecting argument that receipt of a proposed amended pleading commences the time limit set forth in Section 1446(b)(1));

and it appearing that because the Superior Court granted Plaintiff's motion to amend on May 14, 2021, and because ESA removed this action 27 days later, on June 10, 2021, the Magistrate Judge correctly found that removal was timely;

and it appearing that the Court consequently finds Plaintiff's Objections unavailing and adopts the R&R in full;[3]

**IT IS** on this 21st day of January, 2022;

---

[3] Plaintiff further objects to the Magistrate Judge's decision to not consider the alternative argument raised in his reply brief that the SAC became effective on May 6, 2021, when ESA informed the Superior Court that it did not oppose Plaintiff's motion for leave to amend. While the Court agrees with the R&R's conclusion that Plaintiff waived this argument by raising it on reply for the first time, it has nonetheless considered Plaintiff's argument and finds it to be meritless.

New Jersey Court Rules permit amendment after a responsive pleading has been filed only "by written consent of the adverse party or by leave of court." N.J. Ct. R. 4:9-1. Plaintiff elected to seek leave of court to file the SAC, and notwithstanding ESA's failure to oppose his motion, New Jersey law provides that "the granting of a motion to file an amended complaint always rests in the court's sound discretion." Kernan v. One Washington Park Urb. Renewal Assocs., 154 N.J. 437, 457 (1998) (citations omitted). The SAC did not become effective until the Superior Court formally granted Plaintiff's motion.

**ORDERED** that Magistrate Judge Allen's R&R, ECF No. 14, is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's Motion to Remand, ECF No. 2, is **DENIED**.

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**

4